UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION 10-1697** |
| ` | **CRIMINAL ACTION 01-20066** |
| **VERSUS** | **JUDGE HAIK** |
| **COREY EDWARD MICHAELS** | **MAGISTRATE JUDGE HANNA** |

*REPORT AND RECOMMENDATION*

Before the undersigned is pro se petitioner Corey Edward Michaels' Motion to Vacate an Absolute Void Judgment.  (Rec. Doc. 128).

*Background*

Petitioner pled guilty on February 25, 2002, to charges of Armed Bank Robbery, 18 U.S.C. § 2113(a) & (d) and Use or Carry and Brandish A Firearm During a Violent Crime, 18 U.S.C. § 924(c)(A)(ii).[1]  Michaels appealed to the Fifth Circuit Court of Appeals who dismissed the appeal as frivolous by mandate on May 15, 2003.[2]  On June 27, 2005, Michaels filed pro se a Motion to Vacate under 28 U.S.C. § 2255, which was opposed by the government, and which was denied as untimely and without merit on August 14, 2006.[3]  Petitioner filed a notice of appeal which was dismissed for want of prosecution on November 28, 2006 because the petitioner failed to pay a docketing fee or

---

[1] Rec. Doc. 56-59.

[2] Rec. Doc. 86.

[3] Rec. Docs. 100, 114.

file a motion for a Certificate of Appealability and brief.[4]  On November 8, 2010, petitioner filed a motion for Certificate of Appealability (Rec. Doc. 127) and the instant motion to vacate. (Rec. Doc. 128)

*Applicable Law and Discussion*

While suggesting that the instant motion is based on "new issues," a review of petitioner's motion in 2005 and the one presently before the court indicates he is arguing basically the same grounds for review – that the federal court had no jurisdiction.  It appears petitioner believes that a federal court may prosecute a person only for offenses against the United States, the FDIC is not a entity of the federal government, and therefore the federal courts were without power to enter a judgment against him. Petitioner also appears to argue that in order for a federal court to hear an action, the crime must have taken place outside of the jurisdiction of any particular state.  "The Movant would further argue a U.S.D.C. is a mere territorial court which had no authority to arraign or indictment [sic] within a state of the union."[5]

A subsequent motion is considered to be "second or successive" when it either raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or constitutes abuse of the writ process.  U.S. v. Orozco-Ramiriz, 211 F.3d 862, 867 (5th Cir. 2000).  A prisoner is permitted to file a second or successive § 2255 motion only under certain circumstances.  AEDPA states that a

---

[4]Rec. Doc. 125

[5]*Motion to Vacate a Absolute Void Judgment* (Rec. Doc. 128), p. 22.

prisoner must receive authorization from the court of appeals before filing a second or successive § 2255 motion. 28 U.S.C. § 2255, 2244(b)(3)(A).

In this matter, there is no indication in the record that Petitioner sought authority from the Fifth Circuit before filing the instant motion. When a prisoner's motion is construed as a successive § 2255 motion, and the motion was filed without authorization from the appellate court, the district court lacks jurisdiction to entertain the motion. United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). The prisoner's failure to seek appellate court authorization acts as a jurisdictional bar. United States v. Key, 205 F.3d at 774. Consequently, until such time as Petitioner obtains authorization, this Court has no jurisdiction over Petitioner's pending motions. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d at 774; Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003).

The undersigned finds that the relief sought is brought pursuant to § 2255, and this court is without jurisdiction to hear Petitioner's pending motion inasmuch as authorization has not been obtained from the Court of Appeals. In the case of In Re Epps, 127 F.3d 364 (5th Cir. 1997), the Fifth Circuit outlined the procedure to be used when a district court determines that transfer of a "second or successive" habeas corpus petition to the Court of Appeals is appropriate. Transfer of this case is appropriate and authorized by 28 U.S.C. § 1631, which states that:

> Whenever a civil action is filed in a court... and that court finds that there is
> a want of jurisdiction, the court shall, if it is in the interest of justice,
> transfer such action... to any other such court in which the action... could
> have been brought at the time it was filed... and the action... shall proceed as

if it had been filed in... the court to which it is transferred....

*Recommendation*

For the reasons given above,

**IT IS RECOMMENDED** that Petitioner's motion be deemed a successive habeas petition and that this matter be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District

Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Lafayette, Louisiana, this 2nd day of December, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)