UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| COREY EDWARD MICHAELS | CRIMINAL NO. 01-CR-20066(02) |
| Prisoner #11002-035 | CIVIL ACTION NO. 10-CV-1697 |
| VERSUS | JUDGE HAIK |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE HANNA |

**REPORT AND RECOMMENDATION**
Rec. Doc. 160

Before this Court is Defendant's *fourth* motion, brought pursuant to 28 U.S.C.§2255, to vacate, set aside, or correct his sentence [Rec. Doc. 160], which was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons, it is recommended that the motion be deemed successive and that it be TRANSFERRED to the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. §1631 for further proceeding as provided by 28 U.S.C. §2244.

*Facts and Procedural History:*

Corey Edward Michaels pled guilty on February 25, 2002, to charges of Armed Bank Robbery, 18 U.S.C. § 2113(a) & (d) and Use or Carry and Brandish A Firearm During a Violent Crime, 18 U.S.C. § 924(c)(A)(ii). [Rec. Doc. 56-59] In a Rule 11(f) Factual Stipulation, the petitioner declared that he committed the subject bank robbery, and he "brandished a semi-automatic pistol as he shouted orders to people inside of the bank." [Rec. Doc. 59] Petitioner was sentenced on August 28, 2002 to serve 144 months

on Count I and 7 years on Count II, to run consecutively.  Restitution was also ordered. [Rec. Doc. 74]

Michaels appealed to the Fifth Circuit Court of Appeals which dismissed the appeal as frivolous by mandate on May 15, 2003. [Rec. Doc. 86]

On June 27, 2005, Michaels filed a *pro se* Motion to Vacate under 28 U.S.C. § 2255, which was opposed by the government, and which was denied as untimely and without merit on August 14, 2006. [Rec. Docs. 100, 114] Petitioner filed a notice of appeal which was dismissed for want of prosecution on November 28, 2006, because the petitioner failed to pay a docketing fee or file a motion for a Certificate of Appealability and brief. [Rec. Doc. 125]  On November 8, 2010, petitioner filed a motion for Certificate of Appealability and a motion to vacate under 28 U.S.C. §2255. [Rec. Docs. 127-128] The first motion was denied. [Rec. Doc. 136]  On December 2, 2010 a Report and Recommendation was submitted by the undersigned, recommending that the §2255 motion be deemed successive and that it be transferred to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §2244(b). [Rec. Doc. 129] No objection was lodged by the petitioner, and on January 11, 2011, Judgment was entered adopting the findings and conclusions of the Report and Recommendation. [Rec. Doc. 133] The Fifth Circuit denied Petitioner's motion for authorization to file a successive §2255 motion on March 31, 2011. [Rec. Doc. 137]

On November 16, 2012, Petitioner Michaels presented essentially the same

arguments for consideration in the context of a Motion for Relief Pursuant to Rule 60(b)(6)(d). [Rec. Doc. 138] The motion was denied on December 5, 2012, the court finding that the motion was untimely and without merit. [Rec. Doc. 140] A Motion for Reconsideration [Rec. Doc. 141] was denied on January 16, 2013. [Rec. Doc. 142]

On July 25, 2013, Petitioner filed another Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. §2255(f)(3). [Rec. Doc. 145] He presented three alleged grounds for relief and asserted generally that his position was supported by the recent United States Supreme Court case of *Alleyne v. United States*, 133 S.Ct. 2151(2013). The undersigned recommended that the motion be deemed successive and that it be transferred to the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. §1631 for further proceeding as provided by 28 U.S.C. §2244. [Rec. Doc. 152] Petitioner filed objections to the Report and Recommendations [Rec. Doc. 154], but the recommendations of the undersigned were adopted and conformed to Judgment on October 15, 2013. [Rec. Doc. 158] The Fifth Circuit has yet to respond to the motion as transferred.

### *The Motion Before the Court, Applicable Law and Discussion*

In the instant motion, Petitioner begins by citing to the "newly recognized" United States Supreme Court case of *Descamps v. United States*, 133 S. Ct. 2276 (2013), which he asserts is retroactive and applicable to his situation. In *Descamps*, the Supreme Court held that the California statute for burglary in the first degree was nondivisible and that

the district court erred by applying the modified categorical approach when sentencing the defendant under the ACCA. *Descamps* concerns a matter of statutory interpretation as to whether a certain crime qualifies as a violent felony under the ACCA, and it did not announce a new rule of constitutional law. *See Glover v. Fox*, 2013 WL 6645425 (10th Cir. 2013). Further,

> the Supreme Court has not declared its decision in *Descamps* to be retroactively applicable on collateral review, and this Court has not found any lower court cases applying *Descamps* retroactively to cases on collateral review. *See Randolph v. United States*, 2013 WL 5960881, at * 1(D.Md. Nov.6, 2013) ("The Supreme Court has not, however, indicated that *Descamps* applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding."); *Roscoe v. United States*, 2013 WL 5636686, at * 11 (N.D.Ala. Oct.16, 2013) (noting that the Supreme Court has not made *Descamps* retroactively applicable on collateral review); *Strickland v. English*, 2013 WL 4502302, at * 8 (N.D.Fla. Aug.22, 2013) (finding that " *Descamps* does not open the § 2241 portal" to review the claim under the savings clause). The Supreme Court has unequivocally stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001).

*See Newton v. Pearce,* 2013 WL 6230622, 3 (W.D.Tex.,2013).

In any event, this court lacks jurisdiction to consider Petitioner's motion. As set out above, this is the *fourth* habeas corpus petition filed by the petitioner in this court. The Fifth Circuit has explained that a subsequent § 2255 motion is "second or successive" when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *United States v. Orozco–Ramirez*, 211 F.3d 862, 867 (5th Cir.2000) (internal citations and quotations omitted). The *Orozco–Ramirez* court noted that if the facts

underlying a claim occurred before the initial § 2255 motion, and thus could have been raised in the initial motion, a movant is not entitled to assert that claim in a subsequent motion. *Id.* at 869. The Fifth Circuit has also found that an application filed after a previous application was fully adjudicated on the merits may be considered a second or successive application even if it contains claims never before raised. *Graham v. Johnson*, 168 F.3d 762, 774 n. 7(5th Cir 1999), citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827(1996).

A prisoner is permitted to file a second or successive § 2255 motion only under certain circumstances. AEDPA states that a prisoner must receive authorization from the court of appeals before filing a second or successive § 2255 motion. 28 U.S.C. § 2255, 2244(b)(3)(A). In this matter, there is no indication in the record that Petitioner sought authority from the Fifth Circuit before filing the instant motion. When a prisoner's motion is construed as a successive § 2255 motion, and the motion was filed without authorization from the appellate court, the district court lacks jurisdiction to entertain the motion. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). The prisoner's failure to seek appellate court authorization acts as a jurisdictional bar. *United States v. Key*, 205 F.3d at 774. Consequently, until such time as Petitioner obtains authorization, this Court has no jurisdiction over his pending motions. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d at 774; *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

The undersigned finds that the relief sought is brought pursuant to § 2255, and this court is without jurisdiction to hear Petitioner's pending motion inasmuch as authorization has not been obtained from the Court of Appeals. In the case of *In Re Epps*, 127 F.3d 364 (5th Cir. 1997), the Fifth Circuit outlined the procedure to be used when a district court determines that transfer of a "second or successive" habeas corpus petition to the Court of Appeals is appropriate. Transfer of this case is appropriate and authorized by 28 U.S.C. § 1631, which states that:

> Whenever a civil action is filed in a court... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action... to any other such court in which the action... could have been brought at the time it was filed... and the action... shall proceed as if it had been filed in... the court to which it is transferred....

### *Recommendation*

For the reasons given above,

**IT IS RECOMMENDED** that Petitioner's motion be deemed a successive habeas petition and that this matter be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being

served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See* **Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana this 30th day of December, 2013.

_____
Patrick J. Hanna
United States Magistrate Judge