UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 2:01-20066-02 |
| VERSUS | JUDGE HAIK |
| COREY EDWARD MICHAELS | MAGISTRATE JUDGE HANNA |

REPORT AND RECOMMENDATION

Before the court is the Motion for Modification of Sentence pursuant to 18 U.S.C. §3582 and Motion for Post-Rehabilitation Relief filed by *pro se* petitioner, Corey Edward Michaels, on December 15, 2015. [doc. 173].  By this Motion, Michaels seeks reduction of his sentence based upon the alleged retroactive application of U.S.S.G. Amendments 506 and 567 which petitioner alleges lowered the guideline range applicable to him.  He additionally alleges that he is entitled to sentence modification pursuant to the United States Supreme Court's 2011 decision in *Pepper v. United States*, 562 U.S. 476, 131 S.Ct. 1229 (2011).  The Motion was referred to the undersigned for Report and Recommendation. [rec. roc. 174].

The record reveals that on February 25, 2002 petitioner pled guilty to Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d), and Use of a Firearm During a Violent Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  [rec. docs. 55-59].  Both offenses occurred on January 23, 2001. [rec. doc. 1].  On

August 28, 2002, petitioner was sentenced to serve 144 months for the armed robbery count and 7 years on the firearm count, the sentences to run consecutively. Restitution was also ordered. [rec. docs. 74, 75 and 80]. Petitioner's lengthy post-plea history has been set out in detail in prior rulings, and will not be repeated herein.

## LAW AND ANALYSIS

**Amendments 506 and 567**

A court may only modify a term of imprisonment in limited circumstances, including where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *United States v. Drath*, 89 F.3d 216, 217 (5th Cir. 1996). Thus, if a retroactively applicable guidelines amendment lowers the defendant's applicable guidelines range, a sentence reduction under § 3582(c)(2) is authorized.

Amendment 506, effective November 1, 1994, and Amendment 567, effective November 1, 1997, were both issued well before Michaels' offense conduct occurred in 2001, well before Michaels entered his 2002 guilty plea and well before Michaels was sentenced in 2002. U.S.S.G. App. C, amends. 506 and 567; *United States v. Reed*, 500 Fed. Appx. 811, 815, 2012 WL 6050559 (11th Cir. 2012); *United States v. Green*, 486 Fed. Appx. 55, 58, 2012 WL 3205147 (11th

Cir. 2012).  Thus, neither amendment could apply retroactively to Michaels and neither amendment could subsequently lower Michaels' sentencing range.  *United States v. Anderson*, 382 Fed. Appx. 360, 361, 2010 WL 2465014 (5th Cir. 2010); *United States v. Goins*, 292 Fed. Appx. 307, 308, 2008 WL 4155706 (5th Cir. 2008);  *Reed*, 500 Fed. Appx. at 815; *Green*, 486 Fed. Appx. at 58. Accordingly, neither amendment is a proper basis for Michaels' § 3582(c)(2) motion.  *See Id.*

Further, Michaels has not shown that either Amendment could lower his sentencing range.  The offense level of a career offender is generally determined by a reference to his "offense statutory maximum." Amendment 506 amended the Career Offender Guideline's commentary to § 4B1.1 to preclude consideration of statutory enhancements in calculating the "offense statutory maximum", rejecting the approach prevailing in the Courts of Appeals as not including any increase under a sentence enhancement provision that applies because of the defendant's prior criminal record.  *United States v. LaBonte*, 520 U.S. 751, 754-755 117 S.Ct. 1673 (1997); *United States v. Garza*, 55 Fed. Appx. 730, 731, 2003 WL 247101 (6th Cir. 2003); U.S.S.G. App. C, amend. 506, pg. 331-332 (1997).  In *LaBonte*, the United States Supreme Court determined that Amendment 506 was inconsistent with, and was therefore invalidated by, 28 U.S.C. § 994(h), which required inclusion of any relevant statutory sentencing enhancements.  *United States v. Roberts*, 149 F.3d 1176 (5th Cir. 1998) *citing LaBonte*, 117 S.Ct. at 1677-1679;

*Green,* 486 Fed. Appx. at 57 *citing LaBonte*, 117 S.Ct. at 1675.  In response, the Sentencing Commission promulgated Amendment 567, which amended the commentary to § 4B1.1 to specify, consistent with *LaBonte*, that the "offense statutory maximum" included sentencing enhancements based on the defendant's prior criminal record.  *Green,* 486 Fed. Appx. at 57; U.S.S.G. App. C, amend. 567, pg. 415-416 (1997). In this case, the district court used the 2001 edition of the Sentencing Guidelines, effective November 1, 2001, to calculate petitioner's sentencing range [PSI ¶16], which contained the definition of "offense statutory maximum" as modified by Amendment 567.  USSG § 4B1.1, comment. (n.2) (2001).  That same definition remains currently applicable. USSG § 4B1.1, comment. (n.2) (2015).

Finally, a sentencing court may only reduce a term of imprisonment under § 3582(c) "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  The applicable policy statement is U.S.S.G. § 1B1.10, and eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered *only* by an amendment listed in that policy statement.  *Drath,* 89 F.3d at 218.  Thus, if an amendment is not specifically listed in U.S.S.G. § 1B1.10, a reduction of sentence under § 3582(c)(2) is not consistent with the Sentencing Commission's policy statement.  *Id*. Because Amendment 567 is not listed in U.S.S.G. § 1B1.10(d), that amendment cannot be applied retroactively

and cannot form the basis of a § 3582(c)(2) motion. [1]

To the extent that Michaels argues pursuant to *United States v. Hicks*, 472 F.3d 1167, 1179 (9th Cir. 2007) that post-*Booker* this Court is not bound by the limitations on sentence reductions set forth in Sentencing Commission's policy statement, that argument is foreclosed by *Dillon v. United States*, 560 U.S. 817, 130 S.Ct. 2683 (2010) which expressly overruled *Hicks* and held that *Booker* does not apply to sentence modification proceedings under § 3582(c)(2). In so doing the Court stated "[a] court's power under § 3582(c)(2) . . . depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive. The court is also constrained by the Commission's statements dictating "by what amount" the sentence of a prisoner serving a term of imprisonment affected by the amendment "may be reduced." *Dillon*, 560 U.S. at 826 *citing* 28 U.S.C. § 994 (o) and (u). *See also United States v. Martin*, 491 Fed. Appx. 500, 501, 2012 WL 5519766 (5th Cir. 2012) ("the principles of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and its progeny do not apply to § 3582(c)(2) proceedings.") *citing Dillon*, 130 S.Ct. at 2692 and *United States v. Doublin*, 572 F.3d 235, 237–39 (5th

---

[1] Michaels also cites Amendment 741 one time in his Motion. [*See* rec. doc. 173, pg. 1]. To the extent he seeks to rely on that Amendment, it likewise is not listed in U.S.S.G. § 1B1.10(d). Accordingly, that amendment cannot be applied retroactively and cannot form the basis of a § 3582(c)(2) motion.

Cir. 2009).

***Pepper v. United States***

Michaels' reliance on *Pepper v. United States*, 562 U.S. 476, 131 S.Ct. 1229, 179 L.Ed.2d 196 (2011), is misplaced and foreclosed by Fifth Circuit precedent. In *Pepper*, the Supreme Court held that "*when a defendant's sentence has been set aside on appeal and his case remanded for resentencing*, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range." *Pepper*, 562 U.S. at 490, 131 S.Ct. at 1241 (emphasis added). In this case, Michaels sentence has not been set aside on appeal, nor has his case been remanded for resentencing.

Moreover, in *United States v. Martin*, 491 Fed. Appx. 500, 501, 2012 WL 5519766 (5th Cir. 2012), the petitioner, like Michaels, argued that § 3582(c) and *Pepper* allowed the district court to reevaluate whether, given his post-sentencing rehabilitative efforts, his sentence should be reduced. In denying the petitioner's request for a reduced sentence, the Fifth Circuit first explained that because the district court determined that the defendant was ineligible for a reduction under 18 U.S.C. § 3582, the court "was not required to determine whether the 18 U.S.C. § 3553(a) sentencing factors warranted a reduction." *Id.* at 501. The Fifth Circuit then found the petitioner's argument based on *Pepper* was "unavailing." *Id.*

Similarly, here, because Michaels has not shown that he is entitled to a sentence reduction under § 3582, his argument based on *Pepper* is inapposite and unavailing because this Court has no authority to resentence him in the first instance. *See United States v. Martinez,* 2013 WL 3229667, *1-2 (S.D. Tex. 2013) *citing Pepper* and *Martinez, supra.*

For these reasons;

**IT IS RECOMMENDED** that the Motion for Modification of Sentence pursuant to 18 U.S.C. § 3582 and Motion for Post-Rehabilitation Relief [rec. doc. 173] filed by *pro se* petitioner, Corey Edward Michaels, be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the**

**District Court, except upon grounds of plain error.**  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

A courtesy copy of any objections should be submitted to the District Judge at the time of filing.

Signed this 5th day of January, 2016, at Lafayette, Louisiana.

_____
**PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE**

COPY SENT:

DATE:   1/5/2016
BY:        EFA
TO:        RTH
              pj